# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WESBANCO BANK, INC.,**
**Employer Below, Petitioner**

**FILED**
**December 17, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 12-0588** (BOR Appeal No. 2046539)
                    (Claim No. 2000035111)

**REBECCA A. MARTIN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner WesBanco Bank, Inc., by Edward M. George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rebecca A. Martin, by Sue Anne Howard, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 24, 2012, in which the Board affirmed an October 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 8, 2010, decision denying Ms. Martin's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Martin worked as a loan officer for WesBanco Bank, Inc. On October 25, 1999, she sustained an occupational left shoulder injury as a result of a fall. The compensable diagnoses are shoulder sprain, cervical sprain, thoracic sprain, cerebrovascular accident, and depression. She underwent surgery in June of 2000 for repair of her shoulder and rotator cuff, and was hospitalized two days later after a cerebrovascular stroke. On June 8, 2009, Dr. Dauphin concluded that Ms. Martin had a 38% impairment for the physical aspects of her injury. Dr. Hill concluded that Ms. Martin had a 14% whole person psychiatric impairment rating on June 20, 2009. Dr. Guberman concluded that Ms. Martin had a 44% whole person impairment before

1

including any impairment rating for the psychiatric aspect. The claims administrator denied Ms. Martin's application for permanent total disability benefits.

The Office of Judges reversed the claims administrator's decision and held that Ms. Martin has met the statutory threshold of showing 50% or more in permanent partial disability awards on a medical basis and is entitled to have her permanent total disability claim considered on the merits. WesBanco Bank, Inc. disagrees and asserts that the issue of permanent total disability benefits has been fully litigated previously and is barred by the legal principles of res judicata and collateral estoppels.

The Office of Judges concluded that Ms. Martin is entitled to have her permanent total disability claim considered on the merits. The Office of Judges determined that Ms. Martin has previously been found to have a 14% permanent partial disability on a psychiatric basis by Dr. Hill, and that no evidence was presented to negate this finding. Dr. Guberman concluded Ms. Martin has a 44% permanent partial disability in addition to the psychiatric impairment in this claim. The Office of Judges concluded that Dr. Guberman's and Dr. Dauphin's reports are of equal evidentiary weight, and relied on Dr. Guberman's conclusion that Ms. Martin will meet or exceed the 50% in medical impairment when the psychiatric aspect of the compensable disability is considered. The Office of Judges held that Ms. Martin has met the statutory threshold for medical impairment by showing at least 50% impairment on the whole body basis as required by West Virginia Code §23-4-6(n)(1) (2005) and is entitled to have her permanent total disability claim considered on the merits. The Board of Review reached the same reasoned conclusions in its decision of April 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 17, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II